MEYER *v.* McKENZIE.

4-3446

Opinion delivered April 16, 1934.

*Reinberger & Reinberger* and *Arnold Fink,* for appellant.

*Ben J. Altheimer* and *Rowell & Rowell,* for appellees.

KIRBY, J., (after stating the facts). It was not necessary that there should be a waiver by the landlord in writing of his lien for supplies furnished. *Griggs* v. *Horton,* 84 Ark. 623, 104 S. W. 930; 36 C. J., p. 521; *Wilson* v. *Citizen's Bank,* 170 Ark. 1194, 282 S. W. 689.

B. J. Altheimer and others testified to the effect that Meyer, the agent of appellant, orally agreed with him that he would waive the landlord's lien up to $2,000, if they would help his tenant to get merchandise and supplies for the purpose of making and gathering the crop. Altheimer also testified that he had to indorse the account with the Altheimer Agricultural Credit Corpora-

tion as they could not get the money without the indorsement, and that he furnished the remaining $350 himself.

It is true that Meyer, the agent of appellant who executed the lease, denied making the oral agreement for the waiver of the landlord's lien, but his testimony cannot be said to have been uncontradicted; and McKenzie corroborated the testimony of B. J. Altheimer.

There is no doubt about the supplies having been furnished in the amount as stated, nor that the credit corporation authorized the furnishing of the additional $350 by appellees.

On the whole case the testimony is sufficient to support the chancellor's findings that there was an oral waiver of the landlord's lien for said amount and that the credit company had the right to do the furnishing up to the amount specified in the lease, $2,000, and upon its consent, or rather arranging for the loan of the balance of the amount necessary for making the crop, it cannot be said that the amount of this account, $350, furnished by Altheimer, Bowen & Clary was furnished only upon an open guaranty.

A careful examination of the whole record does not disclose the chancellor's findings contrary to the preponderance of the evidence, and the decree will not be disturbed here. Affirmed.